IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KINDRED HOSPITALS LIMITED　　　　§
PARTNERSHIP d/b/a KINDRED　　　　§
HOSPITAL HOUSTON MEDICAL　　　　§
CENTER, et al.,　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　Plaintiffs,　　　　　§
　　　　　　　　　　　　　　　　　§ Civil Action No. 3:18-CV-1099-D
VS.　　　　　　　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
AETNA LIFE INSURANCE　　　　　　§
COMPANY, et al.,　　　　　　　　　§
　　　　　　　　　　　　　　　　　§
　　　　　　　Defendants.　　　　§

MEMORANDUM OPINION
AND ORDER

In this action removed for the second time on the basis of ERISA[1] preemption, plaintiffs' motion to remand presents the question whether the factual basis for this action has changed such that ERISA now completely preempts any of plaintiffs' claims and thus confers federal question jurisdiction. Concluding that the factual basis for this action has not changed and that the case is not removable based on complete preemption under ERISA, the court grants the motion to remand and awards plaintiffs their just costs and any actual expenses, including attorney's fees, incurred as a result of the removal.

I

The background facts and procedural history of this case remain largely unchanged from the court's prior memorandum opinion and order remanding this case. *See Kindred*

---

[1]Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461.

*Hosps. Ltd. P'ship v. Aetna Life Ins. Co.* (*Kindred I*), 2017 WL 2505001, at \*1-2 (N.D. Tex. June 9, 2017) (Fitzwater, J.). The court will therefore recount the background facts and procedural history only to the extent necessary to understand today's decision.

Plaintiffs Kindred Hospitals Limited Partnership d/b/a Kindred Hospital Houston Medical Center, THC Houston, Inc. d/b/a Kindred Hospital-Bay Area, and d/b/a Kindred Hospital Houston-Northwest, and Transitional Hospitals Corporation of Texas, Inc. d/b/a Kindred Hospital Tarrant County-Fort Worth Southwest (collectively, "Kindred"), operators of long-term acute care hospitals, filed suit against defendants Aetna Life Insurance Company and Aetna Health, Inc. (collectively, "Aetna") in Texas state court. Kindred sues under state law to recover unpaid insurance payments based on Aetna's representations that insurance would cover the charges. Kindred alleges that, before admitting the patients in question, it sought Aetna's confirmation of what charges would be covered, but that Aetna's payments were less than what it represented would be paid.

Aetna filed its first notice of removal within 30 days of receipt of Kindred's state-court original petition ("petition"), asserting that some of Kindred's claims were completely preempted under ERISA because, *inter alia*, Kindred's claims disputed the right of payment for particular services and coverage determinations. *See Kindred I*, 2017 WL 2505001, at \*10-12. Kindred moved to remand, and the court granted the motion, concluding, *inter alia*, that Kindred had established that each of its claims rested on independent legal duties. *Id.* at \*14.

After the court remanded the case, Aetna removed it a second time. This second

removal followed Aetna's receipt of a reply memorandum that Kindred filed in support of a motion to compel production ("reply memorandum"). Within Aetna's notice of removal, it highlights the following statements that Kindred made in the reply memorandum:

> Each of Kindred's arguments as to relevance was shown to be correct when two public entities, Harris County and the City of LaPorte, produced documents in response to Kindred's subpoenas.
>
> Under the Harris County contract, Aetna was supposed to pay claims at the vendor contract rate (*e.g.,* MultiPlan) unless no contract rate was available. If no contract rate was available, then Aetna would attempt to negotiate a rate or do a Facility Change Review to establish a "Reasonable Charge." Aetna received a much lower amount if claims were paid at a contract rate than if they were paid at the "Reasonable Charge" amount.
>
> Basically, at the same time Aetna acknowledged in its communications and contracts with employers that a provider was entitled to be paid at its usual and customary billed charges, Aetna used deception and hard-ball tactics to compel a provider to accept less to benefit itself.
>
> In that regard, Aetna underpaid Kindred by over $4.2 million in connection with the insured at issue in this action. Thus, Aetna likely earned millions by underpaying Kindred's claims as it did.

Aetna 4/30/18 Notice of Removal 7.

Aetna maintains that these statements "constitute removable claims based on ERISA complete preemption." *See id.* Kindred moves for a second time to remand this case, and it requests sanctions in the form of attorney's fees and costs. Aetna opposes the motion.

- 3 -

II

As the removing party, Aetna "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441 (1997), is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Ordinarily, "[r]emoval is not possible unless the plaintiff[s'] 'well pleaded complaint' raises issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). "There is an exception, however, to the

well-pleaded complaint rule." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004).

> When a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.

*Id.* at 207-08 (citation, brackets, and internal quotation marks omitted) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)). Thus because plaintiffs' petition does not assert claims under federal law, and because Aetna does not contend that the court has diversity jurisdiction, Aetna can establish removal jurisdiction only if ERISA completely preempts one or more of Kindred's state-law claims. *Kindred I*, 2017 WL 2505001, at *3 (citing *Westfall v. Bevan*, 2009 WL 111577, at *2 (N.D. Tex. Jan. 15, 2009) (Fitzwater, C.J.)).

Complete preemption is available under ERISA § 502, the statute's civil-enforcement provision, which "Congress intended to be the exclusive vehicle for suits by a beneficiary to recover benefits from a covered plan." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990); *see also, e.g., Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court."). "Section 502, by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 559 (5th Cir. 2004) (quoting *Giles v.*

*NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999)). In particular, § 502(a)(1)(B) preempts all suits involving ERISA-governed plans "brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A cause of action falls within the scope of § 502(a)(1)(B), and is therefore completely preempted, if (1) the "individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210; *see also, e.g., Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, 2006 WL 1663752, at *7 (S.D. Tex. June 13, 2006) ("Complete preemption under § 502(a) requires both standing and the lack of an independent legal duty supporting a state-law claim." (citing *Davila*, 542 U.S. at 210)). "To determine whether [plaintiffs'] causes of action fall 'within the scope' of ERISA § 502(a)(1)(B), we must examine [plaintiffs'] complaint[], the statute on which their claims are based . . . , and the various plan documents." *Davila*, 542 U.S. at 211. "[I]t is an independent corollary of the well-pleaded complaint rule that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 22 (1983).

"A state-law claim that is completely preempted under § 502 is transformed into a new federal claim." *Cardona v. Life Ins. Co. of N. Am.*, 2009 WL 3199217, at *4 (N.D. Tex. Oct. 7, 2009) (Fitzwater, C.J.). In other words, complete preemption "eliminates the state-law

claim" and "replaces [it] with a federal claim." *Id.* "'Because they are recast as federal claims,' state-law claims that are completely preempted provide a basis for removal." *Westfall*, 2009 WL 111577, at *3 (quoting *McLaren v. RailAmerica, Inc.*, 2001 WL 366431, at *2 (N.D. Tex. Mar. 21, 2001) (Fitzwater, J.)).

Although a removed case has been remanded before, it is possible that "an amended pleading, motion, order or other paper" may render the case removable anew under 28 U.S.C. § 1446(b). *See, e.g., Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). Critical to the instant case, "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand" so long as the second removal is not sought "on the same ground." *S.W.S. Erectors*, 72 F.3d at 492 (citation and footnote omitted). Removal "on the same ground" does not prohibit removal based on the same theory of federal jurisdiction (i.e., federal question or diversity jurisdiction), but it forecloses removal absent "a different set of facts establishing a new ground for removal." *Id.* at 492-94.

III

Kindred maintains that this case should be remanded because, *inter alia*, Aetna has not alleged a new factual basis for removal. Aetna responds that, via an "other paper"—a reply memorandum in a discovery dispute—Kindred has expanded its theories of recovery to include alleged violations of Aetna's obligations to the plans, which makes the case

- 7 -

removable based on ERISA complete preemption.[2]

A

Use of an "other paper" to establish federal question jurisdiction occurs only "under limited circumstances." *Eggert v. Britton*, 223 Fed. Appx. 394, 397 (5th Cir. 2007) (per curiam). *Eggert* and at least one recent district court opinion confirm that, to form the basis of removal, an "other paper" cannot be used "to establish a new federal claim," but rather must be used "to clarify the nature of an existing claim." *Id.* (citing *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468 (6th Cir. 2002)); *see also Amrhein v. Prosperity Bank*, 2018 WL 2392800, at *4 (E.D. Tex. May 25, 2018) ("[T]o establish federal question jurisdiction, the 'other paper' 'must clarify the federal nature of an existing claim, and not relate to a putative claim that has not yet been [pleaded].'" (quoting *O'Keefe v. State Farm Fire & Cas. Co.*, 2009 WL 95039, at *3 (S.D. Miss. Jan. 13, 2009))). Thus to the extent Aetna maintains in its notice of removal and opposition to Kindred's motion to remand that Kindred's reply memorandum has established a *new* claim that makes this case removable, the court declines to accept Aetna's contention.[3]

---

[2]Because neither issue affects the court's decision, the court will assume *arguendo* that the reply memorandum qualifies as an "other paper" under 28 U.S.C. § 1446(b) and that Aetna's second removal was timely.

[3]Aetna's notice of removal and opposition to remand are unclear on this point. In the notice of removal, Aetna asserts that Kindred's reply memorandum allegations "constitute removable claims based on ERISA complete preemption," and, in its opposition to remand, Aetna describes the same allegations as "newly articulated claims."

B

In *Kindred I* the court held that Kindred had established that each of its claims rested on an independent legal duty. *Kindred I*, 2007 WL 2505001, at *6-7. Kindred posits that no statements contained in the reply memorandum alter this conclusion. The court agrees. Indeed, Aetna has offered no explanation—legal or factual—for how the independent legal duties that the court concluded in *Kindred I* that Kindred had established could be abrogated by the reply memorandum. Kindred has neither amended its state-court petition since the case was remanded nor has Kindred purported to abandon any of its theories as represented to the court in *Kindred I*. The provisions Aetna highlights from Kindred's reply memorandum can actually be read to confirm that Kindred is disputing the *rate of* payment it received from Aetna, not its *right to* payment. *See supra* § I (quoting, *inter alia*, Kindred's assertion in the reply memorandum that "Aetna was supposed to pay claims at the vendor contract *rate*," and that "Aetna *underpaid* Kindred by over $4.2 million in connection with the insureds at issue in this action." (emphasis added)); *see also Kindred I*, 2007 WL 2505001, at *5-7 (citing and applying the proposition of *Lone Star OB/GYN Assocs. v. Aetna Health Inc.*, 579 F.3d 525 (5th Cir. 2009), that preemption depends on whether the plaintiff disputes the rate of payment for covered services (not preempted) or the right to payment for a particular service (preempted)).

Aetna contends that Kindred's "newly articulated claims" are not independent of ERISA or of the ERISA plans' terms. But assuming that Aetna is arguing that Kindred has clarified the nature of its claims and that Aetna has now shown that Kindred's existing claims

are not independent of ERISA, Kindred's claims would still fail the *Davila* test, as described in *Kindred I*. *See Davila*, 542 U.S. at 210. Under *Davila* a cause of action falls within the scope of § 502(a)(1)(B) if two prongs are met, the second of which is "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* Kindred's reply memorandum does not *negate* the independent legal duties (or otherwise clarify a newfound *lack* of independent legal duties) that the court held existed in *Kindred I*. The outcome of the *Davila* test would therefore now be the same as in *Kindred I*: Kindred's claims are not completely preempted by ERISA, and the case must be remanded.

C

Aetna also maintains that it removed this case based on different factual allegations that provide a new ground for removal. The court disagrees.[4]

As an initial matter, this case is unlike *S.W.S. Erectors*, where the case was first remanded because it was removed to the wrong division, and the second removal was upheld because a deposition set forth for the first time an amount in controversy that exceeded the jurisdictional threshold for diversity jurisdiction. *See S.W.S. Erectors*, 72 F.3d at 493-94. From the court's reading of Kindred's reply memorandum, it discerns no factual allegations that are sufficiently distinct to provide a ground for removal that is not disposed of under

---

[4]Even if the court agreed, it is doubtful that the court would come to a different conclusion from the one it reached in *Kindred I* because, as explained *supra* at § III(B), the independent legal duties that supported the first remand are still present. *See Moncrief Oil Int'l Inc. v. OAO Gazprom*, 2014 WL 12595739, at *2 (N.D. Tex. Sept. 22, 2014) (O'Connor, J.) (holding that post-remand disclosures did not provide new or different ground for second removal, and, even if they did, the court's conclusion would remain the same).

*Kindred I*.

It is also notable that Aetna does not cite, and the court has been unable to locate, any case that concludes that a plaintiff's argument in a reply memorandum in support of a discovery motion (or some similar paper) contains sufficiently different factual allegations to provide a new ground for removal. Instead, the cases that hold that a removing party has successfully alleged a new factual basis for a successive removal appear to involve amended complaints, deposition testimony, or discovery responses. And even where deposition testimony or discovery responses have been deemed adequate to warrant removal, they do more than supply evidentiary support for the conclusion that the first remand was incorrect. *Compare Mitchell v. ACSO of Tex. L.P.*, 2010 WL 3784118, at *2 (W.D. Tex. Sept. 23, 2010) (holding that second removal was warranted where plaintiff amended her complaint to detail the scope of injunctive relief sought, the value of which far exceeded the limits for diversity jurisdiction), *and TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp.2d 1307, 1313 (M.D. Ala. 2002) (concluding that deposition testimony presented new factual basis where it directly contradicted affidavit on which court had relied in remanding case in the first instance), *with Cruse v. St. Vincent Hosp.*, 2011 WL 13289797, at *4 (D.N.M. Apr. 11, 2011) (holding that interrogatory answers did not present new and different ground for removal because second notice of removal effectively asked court to reconsider its original remand decision), *and Tierney v. UNUM Life Ins. Co. of Am.*, 2001 WL 1172182, at *2 (N.D. Tex. Sept. 28, 2001) (Fish, J.) (concluding that deposition testimony did not present new factual basis, but rather supported same facts that removing party had at the time of first removal).

Accordingly, because Kindred's reply memorandum does not clarify the nature of its existing claims and establish new grounds for removal so as warrant removal based on ERISA complete preemption, the court grants Kindred's second motion to remand.

IV

Kindred also requests an award of attorney's fees and costs as sanctions.

A

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 n.14 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin*, 546 U.S. at 140.

B

In *Kindred I* the court denied Kindred's request for attorney's fees and costs, concluding that "the determination whether ERISA completely preempted the state-law

claims in this case was somewhat complex, and the record does not demonstrate that Aetna lacked an objectively reasonable basis for seeking removal." *Kindred I*, 2017 WL 2505001, at *7. But here, where Aetna has improperly removed this case a second time, the court holds for the reasons explained above that Aetna lacked an objectively reasonable basis for removal and that Kindred is entitled to an award under 28 U.S.C. § 1447(c). Kindred is therefore entitled to recover the "fees and costs incurred in federal court that would not have been incurred had the case remained in state court." *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997).

If the parties cannot agree on the amount of just costs and any actual expenses, including attorney's fees, that Kindred incurred as a result of the removal, and a deadline for payment of this sum, Kindred must apply for an award within 28 days of the date this memorandum opinion and order is filed.

\* \* \*

Kindred's May 30, 2018 motion to remand is granted. The court holds that it lacks subject matter jurisdiction, and, pursuant to 28 U.S.C. § 1447(c), remands this case to the 101st Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure. Kindred's request for costs and attorney's fees is

also granted.

**SO ORDERED**.

September 5, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE